UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

ROBERT RUCKER )
)
v. ) NO. 2:05-CV-138
)
MICHAEL A. WALCHER and the )
DISTRICT ATTORNEY'S OFFICE, )
Greeneville, Tennessee )

**MEMORANDUM and ORDER**

Robert Rucker, now confined in the Jefferson County Detention Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against and the District Attorney's Office in Greeneville, Tennessee and his own attorney, a Public Defender. The plaintiff is **ASSESSED** the full filing fee of two hundred, fifty dollars ($250.00). The custodian of the plaintiff's inmate trust account at the facility wherein he resides is required to submit to the Clerk of Court, as an initial partial filing fee, twenty percent (20%) of the greater of:

(1) the average monthly deposits to the plaintiff's account or

(2) the average monthly balance in his account for the 6-month period immediately preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding month's income (or income credited to his account for the preceding month) to the Clerk, but only when the monthly income exceeds ten dollars ($10.00), until the $250.00 filing fee has been paid in full.[1] 28 U.S.C. § 1915(a) and (b)(1) and (b)(2).

In his complaint, the plaintiff alleges that he agreed to sell a car to one Elizabeth Tredwell and that, under the terms of their agreement, Ms. Treadway was to make one five- hundred dollar ($500) down payment and fifty-dollar ($50) payments every two weeks thereafter, until she had paid the eight hundred dollar ($800) purchase price for the vehicle. Ms. Tredwell did not perform her end of the bargain. She paid only $250 towards the purchase of the automobile. She also hid the car.

---

[1] Send the payments to:

        Clerk, USDC
        220 West Depot Street, Suite 200
        Greeneville, TN 37743

The plaintiff had kept the title to the automobile and, when no further payments were forthcoming, he located the car and "repoed it like any other person or car lot would of done." Unfortunately for the plaintiff, the authorities viewed his actions as a criminal offense (specifically, as "theft over $500") and charged him accordingly. The plaintiff was pressured and threatened into pleading guilty. For this offense, he was sentenced on March 21, 2005, to serve 90 days in jail; spend eleven months and 29 days on probation; and pay the sum of $800 in restitution (presumably to Ms. Tredwell).

As claims for relief, he asks the Court to convert the criminal case into a civil matter and "take back" the time he spent in jail because he did not steal his own car, but merely "repoed" it.

The plaintiff's allegations regarding his illegal detention relate directly to the fact and duration of his physical confinement, and thus his sole federal remedy in that regard is to seek a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). Given the liberal standard of review for *pro se*

complaints, this Court could convert the plaintiff's § 1983 complaint to a habeas petition. *Haines v. Kerner*, 404 U.S. 519 (1972). However, a great deal of information is required for a habeas petition which is not supplied in a § 1983 complaint. *See* Rules Governing Section 2254 Cases. Also, a petitioner who seeks habeas relief from an alleged unconstitutional conviction must first exhaust his available state court remedies by fairly presenting all his claims to the courts in the state where he was convicted. 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509 (1982). There is no indication in the complaint that this exhaustion requirement has been met.

Therefore, the complaint will not recharacterized as a § 2254 petition, but instead, will be **DISMISSED** without prejudice to the plaintiff's right to assert his claims in a habeas corpus case, after exhaustion has occurred.

A separate order will enter.

**ENTER**:

THOMAS GRAY HULL
SENIOR U. S. DISTRICT JUDGE